IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM COOPER, <br> TDCJ #1180768, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-05-1451 |
| JUDGE BRIAN RAINS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER ON DISMISSAL

The plaintiff, William Cooper, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Cooper proceeds *pro se* and *in forma pauperis*. At the Court's request, Cooper has provided a more definite statement of his claims. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.  BACKGROUND

Cooper indicates that he was convicted of burglary in cause number 923335, following a jury trial in the 176th District Court of Harris County, Texas. As a result, Cooper received a forty-five year prison sentence on June 2, 2003. Cooper sues State District Judge Brian Rains, who presided over his trial in cause number 923335. Cooper complains that Judge Rains violated his constitutional rights by depriving him of a proper arraignment, a speedy trial, the presumption of innocence, and the right to confront his

accuser. Cooper contends further that Judge Rains has refused to provide him with copies of his court transcript. Cooper maintains that Judge Rains displayed bias against him and that he should have recused himself from the proceeding.

Cooper does not seek monetary damages. Instead, he asks the Court to vacate his illegal sentence and to release him from custody. The Court concludes, however, that Cooper's complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III. DISCUSSION

Cooper complains that his confinement is illegal because Judge Rains violated his rights during his criminal proceeding. Because Cooper seeks release from custody, his claims are actionable, if at all, in a habeas corpus proceeding and not under the civil rights statute.

It is well settled that the writ of habeas corpus provides the exclusive remedy for prisoners challenging the fact or duration of their confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed.2d 439 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). By contrast, an action under 42 U.S.C. § 1983 is the appropriate legal vehicle to attack allegedly unconstitutional conditions of confinement. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). The "core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights

action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely challenges the rules, customs, and procedures affecting 'conditions' of confinement." *Cook*, 37 F.3d at 168 (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). The Fifth Circuit has adopted the following "bright line rule" for resolving this issue: If a favorable determination would not automatically entitle the prisoner to accelerated release from confinement, the proper vehicle is a § 1983 suit. *Carson*, 112 F.3d at 820-21 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059 (1996)).

In this case, Cooper does not seek monetary relief.[1] Likewise, Cooper does not complain about the conditions of his confinement. Instead, Cooper seeks only declaratory or injunctive relief from what he claims is an invalid conviction. His complaint plainly seeks his immediate "release" from confinement. Because Cooper's only avenue for such relief is under the federal habeas corpus statutes, his civil rights complaint must be dismissed for failure to state a claim under 42 U.S.C. § 1983. The dismissal is without prejudice to proceeding on habeas corpus review.[2]

---

[1] If Cooper were seeking monetary damages as the result of his alleged illegal confinement, then his complaint would be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), which prohibits a suit for monetary relief under 42 U.S.C. § 1983 in the absence of proof that the reason for the plaintiff's confinement has been invalidated by a state tribunal or on habeas corpus review.

[2] Cooper hints in his more definite statement that an appeal has been filed on his behalf by a local attorney. Cooper has not completed a direct appeal or a state habeas corpus application, however, and none of his claims have been reviewed by the state's highest court. Accordingly, because Cooper has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b), the Court declines to reclassify this suit as a federal habeas corpus

**IV.     CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** that the plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **June 14, 2005**.

_____
Nancy F. Atlas
United States District Judge

---

proceeding.